### NATIONAL LABOR RELATIONS BOARD v. CAROLINA MILLS, Inc.

#### No. 6271.

United States Court of Appeals Fourth Circuit.

Argued June 19, 1951.

Decided July 16, 1951.

Frederick U. Reel, Attorney, National Labor Relations Board, Washington, D. C. (George J. Bott, General Counsel; David P. Findling, Associate General Counsel; A. Norman Somers, Assistant General Counsel, and John E. Jay, Attorney, National Labor Relations Board, Washington, D. C., on the brief), for petitioner.

Whiteford S. Blakeney, Charlotte, N. C., (Thomas P. Pruitt, Hickory, N. C., and Pierce & Blakeney, Charlotte, N. C., on the brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

### PER CURIAM.

This is a petition to enforce an order of the National Labor Relations Board which directed the Carolina Mills, Inc., of Newton, N. C., to cease and desist from certain unfair labor practices and to restore with back pay certain employees found to have been discriminatorily discharged. The company contends that the findings upon which the order is based are not supported by substantial evidence. It was admitted at the bar of the court that all the employees ordered by the Board to be reinstated who desire reinstatement have been reinstated by the company, so that the practical effect of the order is limited to the cease and desist and back pay provisions.

We do not think it can properly be said that the findings of the Board are not supported by substantial evidence on the record considered as a whole. Without going into it in detail, there is substantial evidence to the effect that, when an attempt was being made to unionize the plant, supervisory employees questioned the employees under them as to union activities and made threatening statements as to what would happen if the union organized, that they engaged in surveillance of union meetings, and that, when there was a lay-off of employees for economic reasons, a disproportionate number of union members was laid off including all the members of the organizing committee of the union then employed by the company. After a tentative settlement of existing differences had been effected with the company, the union attempted to distribute union literature on the company's premises setting forth its version of the settlement, but this was forbidden by the company and the distributors of the literature were ordered off its property. While different inferences from those drawn by the Board might be drawn with respect to some of the circumstances relied on, if considered apart from the others, we cannot say that, when all are considered together, the Board's findings are arbitrary or without substantial support in the record considered as a whole.

With respect to the back pay provision of the order, we note that the Board directed that the fact be taken into consideration that of the employees ordered reinstated some might have been discharged if the selection had been on a nondiscriminatory basis. This is, of course, correct; and, in entering any order hereafter with regard to back pay, the Board should not award back pay on account of those employees who would have been discharged if no discrimination had been practiced, but only with respect to those who can be said to have been discriminatorily discharged.

Order enforced.